IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2025-CA-003002-O

434 N. ORANGE INVESTMENT, LLC,

      Plaintiff,

v.

LEONARD WANGER and PHILIP KAPLAN,

      Defendants.

_____/

## ORDER HOLDING LEONARD WANGER
## IN CONTEMPT OF COURT

THIS MATTER came before the Court for an in person hearing on December 1, 2025 on the Order to Show Cause Why Defendants, LEONARD WANGER ("**Wanger**") and PHILIP KAPLAN ("**Kaplan**"), Should Not be Held in Contempt of Court and Setting In-Person Show Cause Hearing (the "**OTSC**"), and the Court having heard argument of Plaintiff's counsel, noting that Defendants did not appear at the hearing, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that

1.     Wanger, who was personally served with the OTCS in advance of the December 1, 2025 hearing, is held in contempt of court for failing to (i) comply the requirement in the Default Final Judgment dated July 23, 2025, requiring Wanger to "complete under oath the Fla. R. Civ. P. Form 1.977 (Fact Information Sheet) including all required attachments, and serve them on Plaintiff's attorney within forty-five (45) days from the date of this judgment, unless the judgment

has already been satisfied …." (Default Final Judgment at ¶ 3), and (ii) show cause at the December 1, 2025 hearing why he should not be held in contempt of court.

2.      Plaintiff is awarded attorneys' fees incurred in connection with the OTSC against Wanger, as set forth below. In reaching the foregoing determination, the Court has considered the factors set forth in *Florida Patients' Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985) and Florida Rules of Professional Conduct Rule 4-1.5(b).

| Attorney | Hours | Rate |
|---|---|---|
| Josh M. Rubens | 1.5 | $615 |
| Geoffrey Schuessler | 2 | $500 |
| TOTAL | 3.5 | $2,230 |

3.      Although Plaintiff served the OTSC in advance of the December 1, 2025 hearing to the virtual mailbox location designated by Kaplan in the Guaranty of Lease (attached to Plaintiff's Complaint at Exhibit 2) pursuant to Fla. Stat. § 48.031(6), the Court will not hold Kaplan in contempt of court unless he is personally served with a newly issued order to show cause setting a further hearing. Plaintiff may reschedule a remote hearing on the OTSC relating to Kaplan.

4.      The Court reserves jurisdiction to enter contempt and sanctions against Defendants, including but not limited to awarding reasonable attorneys' fees and costs in favor of Plaintiff in seeking to compel and enforce Defendants to comply with their obligations under the Default Final Judgment.

**DONE and ORDERED** in Orange County, Florida on the date set forth in the electronic signature below.

12/29/2025 19:05:12
2025-CA-002002-O
eSigned by Heather Pinder Rodriguez  12/29/2025 19:05:12 nqO9i0xQ

CIRCUIT COURT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court on the date set forth in the electronic signature below. by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System. If there are parties not receiving service through the Florida Courts efiling Portal, counsel will serve a copy of the order via U.S. Mail to the non-efiling parties and file a certificate of service\in the court file no later than three days from the date of this order.

eSigned by Diana Rico  12/30/2025 13:07:37 SFqFABk-

Judicial Clerk

Electronic Service List
Josh M Rubens <jrubens@klugerkaplan.com>, <jmatilla@klugerkaplan.com>, <probate@klugerkaplan.com>