Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>                Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>Adversary No.: 26-01075-mkn<br><br><br>**SUPPLEMENTAL DECLARATION OF PHILIP KAPLAN IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND RELATED RELIEF PRESERVING COURT-SUPERVISED PLAN-SUPPORT FUNDING**<br><br>Hearing Date: June 5, 2026<br>Hearing Time: 11:00 a.m. |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company, | |

Plaintiffs,

v.

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

I, Philip Kaplan, declare as follows:

1. I am over the age of eighteen and competent to testify to the matters set forth in this Supplemental Declaration. I am a principal and authorized representative of the Debtors. I submit this Supplemental Declaration in support of Plaintiffs' Reply in Support of Emergency Motion for Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Related Relief.

2. I have personal knowledge of the facts stated herein, except where stated on information and belief, and if called as a witness I could and would testify competently to them.

3. I understand that Orange has opposed the requested temporary relief by arguing, among other things, that the Debtors have not made meaningful progress toward reorganization, that no Disclosure Statement has yet been filed, that the Newport and Las Vegas transactions are insufficiently concrete, and that the Merrill/LRW Trust funds are not material to implementation.

4. I disagree with the suggestion that these Chapter 11 Cases have been stagnant or that the Debtors lack an active reorganization path. The Debtors have been working through multiple transaction, landlord, equipment, financing, claim-reconciliation, and administrative issues necessary to preserve value and advance toward confirmation.

5. The Debtors have filed Joint Chapter 11 Plan of Reorganization #2 at Main Case ECF No. 284. Plan #2 is intended to centralize treatment of disputed legacy landlord claims, including Orange and

Woodfield, and to coordinate implementation through the Las Vegas transaction, the Newport transaction, NFS-related obligations, and available Non-Debtor Guarantors' Plan Contributions.

6. The Debtors finalized and prosecuted approval of a Las Vegas asset purchase agreement with Illusion Attractions, LLC. The APA provides for a $1,100,000.00 purchase price, including a $1,050,000.00 closing payment and a $50,000.00 deposit, subject to credits and transaction terms. The Las Vegas sale was a significant implementation step in these cases.

7. On April 27, 2026, the Court entered an order approving the Las Vegas sale at Main Case ECF No. 269. The Sale Order approved the APA and all transactions contemplated by it and authorized the Debtors to consummate the transaction and execute documents necessary or appropriate to implement the APA.

8. The Sale Order authorized the transfer of acquired assets free and clear under 11 U.S.C. § 363(f), with interests attaching to net sale proceeds subject to further order. It also authorized assumption and assignment of the Town Square lease and certain equipment leases as set forth in the Sale Order.

9. The Sale Order approved a partial payment to Newtek Bank, N.A. in the amount of $633,431.00 from sale proceeds, approved payment in full to Pawnee Leasing Corporation in the amount of $101,000.00, and addressed an NFS lease credit of $153,250.37 as part of the closing economics if the NFS lease was assumed and assigned to the buyer.

10. The Sale Order also provides that assignment of obligations under the NFS lease to the buyer shall not impair, limit, or modify the personal guaranty and security agreements executed by Leonard Wanger and by me in connection with NFS obligations.

11. On June 3, 2026, the Court entered an order at Main Case ECF No. 286 approving the first and final fee application of Alan Chapell, the Consumer Privacy Ombudsman, in the amount of $12,835.00 and directing payment within five days of the order. That fee is an administrative cost arising from the Las Vegas sale process and related privacy review.

12. The Debtors also obtained approval of a compromise with NFS Capital, LLC. On November 17, 2025, the Court entered an order approving the Debtors' amended Rule 9019 motion with NFS at Main Case ECF No. 168. The Court found that the settlement was negotiated in good faith, fair and equitable, favorable to the Debtors and their estates, and in the best interests of the Debtors, their estates, and creditors.

13. The NFS order approved the settlement agreement in all respects and authorized the Debtors to implement and consummate it according to its terms. The NFS settlement and related NFS equipment and lease obligations remain material to the Debtors' reorganization path and to preserving operating value.

14. The Debtors are continuing to work on the Newport transaction. The current draft Newport MIPA contemplates a membership-interest sale involving Velocity Esports Newport Kentucky, LLC and Beth Powers, subject to Bankruptcy Court approval, NOTL landlord resolution, equipment-obligation treatment, and completion of transaction schedules and supporting documents.

15. The current draft Newport MIPA contemplates that Beth Powers would acquire 80% of the Seller's membership interest in Velocity Esports Newport Kentucky, LLC, with any proposed insider 20% allocation subject to Court approval and appropriate consideration. The draft MIPA recognizes that Newport's occupancy and operating rights require final written NOTL Resolution Documents and related Court approval.

16. The Debtors have not yet filed the Disclosure Statement. The Disclosure Statement is being finalized in tandem with the Newport MIPA and related Newport on the Levee landlord-resolution documents because those documents affect cash components, assumed obligations, liquidation analysis, and feasibility disclosures. The Debtors anticipate filing both the Disclosure Statement and a motion to approve the Newport MIPA within the next fourteen days, subject to finalizing the transaction terms and supporting documents.

17. The Debtors estimate that reorganization counsel's professional fees through confirmation are approximately $350,000.00. The Debtors also have other administrative and implementation obligations, including the approved Consumer Privacy Ombudsman fee, NFS-related obligations, Newport transaction costs, and Class 5/Class 6 payments or reserves that may be required under Plan #2.

18. Leonard Wanger and I have been providing substantial services, cooperation, and support to the Debtors during the Chapter 11 Cases. The Debtors' reorganization depends materially on our continued availability, cooperation, transaction support, financial information, and potential liquidity support.

19. I understand that Orange is pursuing final garnishment relief in Florida against Merrill accounts associated with the LRW Trust in the approximate amount of $386,454.20 and against certain Bank of America accounts in the approximate amount of $3,988.22. I further understand that the Florida garnishment hearing is set for June 8, 2026.

- 4 -

20. The Debtors are not seeking unrestricted use of any funds by me, Mr. Wanger, or any insider. The Debtors seek to preserve the ability to ask this Court for Court-supervised use of funds for plan implementation, including administrative obligations, professional fees, NFS-related obligations, Newport transaction costs, and Class 5/Class 6 payments or reserves. Allowing Orange to obtain final garnishment judgment before this Court determines Orange's claims, credits, offsets, section 502(b)(6) limitations, and Plan treatment would impair the Debtors' ability to continue moving the reorganization forward.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated June 4, 2026

By: /s/ *Philip Kaplan*

- 5 -