Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>          Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>Adversary No.:<br><br>**SUPPLEMENTAL DECLARATION OF LEONARD WANGER IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Hearing Date: June 5, 2026<br>Hearing Time: 11:00 a.m. |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>          Plaintiffs, | |

- 1 -

v.

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

I, Leonard Wanger, declare as follows:

1. I am over the age of eighteen and competent to testify to the matters set forth in this Supplemental Declaration. I submit this Supplemental Declaration in support of Plaintiffs' Reply in Support of Emergency Motion for Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Related Relief.

2. I am a principal and supporter of the Debtors and have been involved in the Debtors' restructuring efforts. I also serve as trustee of the LRW Revocable Trust. I previously submitted a declaration in support of the Debtors' emergency motion.

3. I have personal knowledge of the facts stated herein, except where stated on information and belief, and if called as a witness I could and would testify competently to them.

4. I understand that Orange is seeking final garnishment judgment in Florida against Merrill Lynch, Pierce, Fenner & Smith Incorporated in the approximate amount of $386,454.20 and against Bank of America in the approximate amount of $3,988.22. I understand that the Florida garnishment hearing is set for June 8, 2026.

5. The Merrill accounts targeted by Orange are titled to or held for the LRW Revocable Trust. I serve as trustee of the LRW Revocable Trust. I do not understand the LRW Trust to be a judgment debtor under Orange's Florida Guarantor Judgment, which was entered against me and Philip Kaplan individually.

- 2 -

6. I understand Orange contends that the LRW Trust assets are reachable under applicable law because the trust is revocable and because of my role with respect to the trust. I do not ask this Court to finally adjudicate those trust-reachability issues on an emergency basis. Orange's position that it can reach the funds is the reason the turnover risk is concrete and imminent.

7. The point of the requested relief is not to obtain unrestricted personal use of any trust funds by me or any other insider. The point is to prevent Orange from taking the funds before this Court determines Orange's estate-side claims, credits, offsets, section 502(b)(6) issues, and Plan treatment, and before the Debtors can seek Court-supervised use of any available funding for plan implementation.

8. I executed NFS-related guaranty and security documents in connection with the Debtors' NFS settlement and equipment arrangements. I understand that the Court-approved Las Vegas Sale Order states that assignment of obligations under the NFS lease to the buyer does not impair, limit, or modify my personal guaranty and security agreement or Philip Kaplan's personal guaranty and security agreement.

9. I have continued to provide services, cooperation, information, and support to the Debtors without ordinary compensation. My continued cooperation and support remain important to the Debtors' efforts to address the NFS arrangements, the Newport transaction, claim reconciliation, plan implementation, and confirmation.

10. I understand that the Court has approved the Las Vegas sale transaction, approved payment of the Consumer Privacy Ombudsman's fees in the amount of $12,835.00, and approved the NFS compromise. I also understand that the Debtors estimate reorganization counsel's professional fees through confirmation at approximately $350,000.00.

11. These administrative and implementation obligations require liquidity. The Debtors are not seeking to divert money to me. The Debtors seek to preserve the ability to ask the Court to supervise plan-support uses of available funds, including administrative obligations, professional fees, NFS-related obligations, Newport transaction costs, and Class 5/Class 6 payments or reserves.

12. If Orange obtains final garnishment judgment and causes the Merrill funds to be transferred or committed to Orange before this Court acts, the Debtors will lose the opportunity to seek Court-supervised use of that liquidity for plan implementation. A later credit to Orange's claim would not restore the timing, liquidity, or implementation opportunities lost if the funds are taken first.

- 3 -

13. If the Court is concerned that the LRW Trust or I, in my capacity as trustee, should be joined for further preliminary-injunction proceedings or implementation relief, I am willing to cooperate with an amendment joining me as trustee and/or the LRW Trust as a nominal or limited-purpose defendant, subject to all rights, defenses, and applicable trust-law issues.

14. I understand Orange has filed a Florida contempt order concerning my failure to provide a Florida Fact Information Sheet and appear at a contempt hearing. I am not asking this Court to excuse any obligation to comply with lawful Florida court orders. I understand the requested relief to concern the timing and effect of Orange's proposed final garnishment and turnover of the restricted funds while the bankruptcy issues are pending.

15. I am not asking the Court to discharge, release, or permanently enjoin Orange's claims against me, Kaplan, or the LRW Trust. I understand the requested relief to be temporary and directed to preserving this Court's ability to decide Orange's bankruptcy claims and any Court-supervised plan-support use issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated June 4, 2026

By: /s/ *Leonard Wanger*