

_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
June 05, 2026
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>Adversary No.: 26-01075-mkn<br><br>Hearing Date: June 5, 2026<br>Hearing Time: 11:00 a.m. |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs, | |

v.

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

**ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND RELATED
RELIEF PRESERVING COURT-SUPERVISED PLAN-SUPPORT FUNDING UNDER 11 U.S.C. §
105(a), FED. R. BANKR. P. 7065, AND FED. R. CIV. P. 65**

This matter came before the Court on June 5, 2026, on Plaintiffs' Emergency Motion for Entry of Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Related Relief Preserving Court-Supervised Plan-Support Funding (the "Motion"). The Court considered the Motion, the Verified Adversary Complaint, the supporting declarations and exhibits, Defendant 434 N. Orange Investment, LLC's ("Orange") opposition, Plaintiffs' reply and supplemental declarations, Joint Chapter 11 Plan of Reorganization #2 filed at Main Case ECF No. 284, the record in the jointly administered Chapter 11 cases and this adversary proceeding, and the arguments of counsel.

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1. The Court considered only whether temporary restraining order relief should be entered at this time. The Court does not adjudicate, by this Order, the merits of Plaintiffs' claim objections, the ultimate allowance or disallowance of Orange's proofs of claim, any issue under 11 U.S.C. § 502(b)(6), any credits or offsets, the validity of Orange's Florida Guarantor Judgment, any trust-reachability issue, or any final request for preliminary-injunction relief.

- 2 -

2. Bankruptcy Rule 7065 incorporates Federal Rule of Civil Procedure 65. Rule 65(d) requires that an injunction state the reasons why it was issued, state its terms specifically, and describe in reasonable detail the act or acts restrained or required without referring to another document. The Court enters this Order consistent with those requirements.

3. The Debtors seek relief as debtors in possession. Under Bankruptcy Rule 7065, no security is required under Rule 65(c) on the present request, and the Court does not independently require security as a condition to entry of this Order.

4. The Court has considered the concerns raised by Plaintiffs and Orange concerning how the requested relief, if denied, could affect the outcome of any proposed plan of reorganization. Upon review of the docket and the record presented, the Court finds that the Debtors have made significant progress in these Chapter 11 cases toward achieving various benchmarks and arriving at a confirmable plan.

5. The Debtors have filed a plan that remains subject to future objection, but the Court cannot rule out the possibility that the plan may be confirmed. The Court has been informed that a disclosure statement will be filed shortly and is intended to provide adequate information under 11 U.S.C. § 1125(a) concerning the proposed plan going forward. The process of seeking plan confirmation appears, for purposes of this temporary restraining order, to be proceeding with sufficient haste.

6. For purposes of this temporary restraining order, the Debtors have demonstrated at least serious questions, if not a sufficient possibility of success on the merits of the requested temporary injunctive relief. The balance of hardships tips sharply in favor of the Debtors in the absence of some form of temporary injunctive relief.

7. The Debtors have demonstrated a sufficient possibility of irreparable harm to warrant temporary injunctive relief. The balance of equities and the interests of the public also support granting modest temporary injunctive relief at this time.

8. The relief granted is limited to the specific Merrill Lynch accounts and Bank of America account or funds at issue in Orange's pending Florida garnishment proceedings concerning Leonard Wanger and/or the LRW Revocable Trust. The Debtors do not seek, and this Order does not grant, relief concerning any other asset that may be held or controlled by Leonard Wanger, Philip Kaplan, the LRW Revocable Trust, or any other person.

9. The Debtors do not seek, and this Order does not grant, relief from Orange's underlying Florida Guarantor Judgment or any existing Florida contempt order. Nothing in this Order releases, discharges, vacates, modifies, or adjudicates any such judgment or contempt order.

10. At Orange's request, and consistent with the Court's ruling, the existing restrictions, restraints, garnishments, or holds on the Merrill Lynch and Bank of America funds shall remain in place pending further order. This Order shall not be construed to vacate any existing garnishment or restriction or to authorize release of the funds to Leonard Wanger, the LRW Revocable Trust, Plaintiffs, or any other person absent further order.  Accordingly, for good cause appearing therefore:

**IT IS ORDERED THAT** Plaintiffs' Emergency Motion for Entry of Temporary Restraining Order, Order to Show Cause re Preliminary Injunction, and Related Relief Preserving Court-Supervised Plan-Support Funding [ECF Nos. 2 and 3] is **GRANTED** as set forth herein;

**IT IS FURTHER ORDERED THAT** Defendant Orange, together with its officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Orange or any of the foregoing and who receive actual notice of this Order, are temporarily restrained and enjoined from proceeding with, prosecuting, obtaining, presenting, enforcing, executing upon, collecting, receiving, turning over, liquidating, levying, garnishing, attaching, further restraining, or causing entry or effectiveness of any final garnishment judgment, turnover order, liquidation order, transfer order, disbursement order, writ, levy, or other collection remedy in the Florida Litigation, but only with respect to (i) the Merrill Lynch accounts, assets, or funds that are the subject of Orange's pending garnishment proceedings and are associated with Leonard Wanger and/or the LRW Revocable Trust, including the Merrill Lynch funds identified in the record in the approximate amount of $386,454.20, and (ii) the Bank of America account, assets, or funds that are the subject of Orange's pending garnishment proceedings and are associated with Leonard Wanger, including the Bank of America funds identified in the record in the approximate amount of $3,988.22;

**IT IS FURTHER ORDERED THAT** this Order is limited to the Merrill Lynch and Bank of America accounts, assets, and funds described above and does not restrain Orange from pursuing, enforcing, executing upon, collecting, garnishing, levying, attaching, or otherwise seeking recovery from any other

assets of Leonard Wanger, Philip Kaplan, the LRW Revocable Trust, or any other non-Debtor, except to the extent such conduct is otherwise prohibited by applicable law or further order of this Court;

**IT IS FURTHER ORDERED THAT** nothing in this Order vacates, modifies, releases, discharges, adjudicates, impairs, or enjoins Orange's Florida Guarantor Judgment, any Florida contempt order, or any rights, claims, defenses, remedies, or objections of Orange, Leonard Wanger, Philip Kaplan, the LRW Revocable Trust, Merrill Lynch, Bank of America, the Debtors, or any other party, except to the limited temporary extent expressly stated in this Order;

**IT IS FURTHER ORDERED THAT** Orange may advise the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and any other applicable Florida court, of the existence and terms of this Order and may seek appropriate relief consistent with this Order, including continuance, suspension, modification, or other scheduling or status relief concerning the June 8, 2026 hearing or any related garnishment proceedings;

**IT IS FURTHER ORDERED THAT** Orange shall, as promptly as practicable and in any event before the currently scheduled June 8, 2026 Florida garnishment hearing, provide notice of this Order to the applicable Florida court and to counsel of record or known counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated, Bank of America, Leonard Wanger, Philip Kaplan, and the LRW Revocable Trust, to the extent known or applicable;

**IT IS FURTHER ORDERED THAT** the existing restrictions, restraints, garnishments, or holds on the Merrill Lynch and Bank of America accounts, assets, and funds described above shall remain in place pending further order of this Court, order of the Florida court, or written release, withdrawal, or stipulation sufficient under applicable law; this Order shall not be interpreted to dissolve or vacate any existing garnishment, writ, account restriction, hold, or restraint or to allow the funds to revert to the unrestricted control of Leonard Wanger, the LRW Revocable Trust, the Debtors, or any other person pending further order;

**IT IS FURTHER ORDERED THAT** nothing in this Order requires or authorizes Merrill Lynch, Pierce, Fenner & Smith Incorporated or Bank of America, N.A. to release, transfer, liquidate, disburse, pay, or otherwise alter the status of any restricted or garnished funds absent further order of this Court, order of the Florida court, or written release, withdrawal, or stipulation sufficient under applicable law;

**IT IS FURTHER ORDERED THAT** no bond or security is required as a condition to entry or effectiveness of this Order under Fed. R. Bankr. P. 7065;

**IT IS FURTHER ORDERED THAT** this temporary restraining order shall expire on Monday, June 22, 2026, at 5:00 p.m. Pacific Time, unless extended by further order of this Court, by consent of Orange, or as otherwise permitted by Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065, and Fed. R. Bankr. P. 9006;

**IT IS FURTHER ORDERED THAT** Plaintiffs and Orange shall confer promptly regarding a proposed date and procedures for hearing Plaintiffs' request for preliminary injunction relief before expiration of this temporary restraining order, and Plaintiffs may seek an order shortening time or other appropriate scheduling relief if the parties are unable to agree on an appropriate schedule;

**IT IS FURTHER ORDERED THAT** Orange may move to dissolve or modify this Order as permitted by Fed. R. Civ. P. 65(b)(4), made applicable by Fed. R. Bankr. P. 7065, and all rights, claims, defenses, objections, and arguments of all parties are preserved except to the limited temporary extent expressly set forth herein;

**IT IS FURTHER ORDERED THAT** Plaintiffs shall serve this Order by the most expeditious means reasonably available, including email where available, on Orange's counsel, Merrill Lynch, Pierce, Fenner & Smith Incorporated and/or its known counsel, Bank of America, N.A. and/or its known counsel, Leonard Wanger, Philip Kaplan, the Office of the United States Trustee for the District of Nevada, and any other party required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or further order of this Court, and shall file a certificate of service promptly thereafter;

**IT IS SO ORDERED.**

Respectfully submitted on June 4, 2026.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228

## <u>LOCAL RULE 9021 CERTIFICATION</u>

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐　　The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐　　No party appeared at the hearing or filed an objection to the motion.

☒　　I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Maurice Verstandig, Esq.  (Counsel for Defendant 434 N. Orange Investment, LLC ): Approved

☐　　I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

- 1 -