Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Brenden J. Gougeon, Esq.
Nevada Bar No. 16874
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
Email: bgougeon@nvbankruptcyattorneys.com
*Attorneys for Debtors/Plaintiffs*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No.: 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11 |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v. | Adversary No.:  26-01075-mkn<br><br>**KAPLAN DECLARATION IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, ORDER SHORTENING TIME FOR HEARING ON PLAINTIFFS' EMERGENCY MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER, AND RELATED RELIEF PRESERVING COURT-SUPERVISED PLAN-SUPPORT FUNDING** |

- 1 -

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

I, Philip Kaplan, being duly sworn, hereby deposes and declares under the penalty of perjury:

1.    I am over the age of 18, am mentally competent, and if called upon to testify as to the statements made herein, could and would do so.

2.    I serve as Chairman of the Board of Velocity Esports, Inc., a Nevada corporation (the "Holding Company"). The Holding Company wholly owns each of its venue-level entities, including Velocity Esports Las Vegas Town Square, LLC, a Nevada limited liability company ("Velocity LV"), Velocity Esports Chicago Schaumburg, LLC, an Illinois limited liability company ("Velocity Chicago"), Velocity Esports Newport Kentucky, LLC, a Kentucky limited liability company ("Velocity Newport"), and Velocity Esports Orlando Downtown, LLC, a Florida limited liability company ("Velocity Orlando"). I am authorized to submit this declaration on behalf of the Holding Company, Velocity LV, Velocity Chicago, Velocity Newport, and Velocity Orlando (collectively, the "Debtors" or "Plaintiffs").[1]

3.    I am one of the non-debtor Guarantors targeted by Orange's enforcement efforts, together with Leonard Wanger ("Mr. Wanger"). I have personal knowledge of the facts set forth in this declaration, except where stated on information and belief, and as to those matters, I believe them to be true.

4.    I submit this declaration in support of the *Plaintiffs' Ex Parte Application for Order Shortening Time* (the "Application") *for Hearing on Plaintiffs' Emergency Motion for Preliminary Injunction and Related Relief Preserving Court-Supervised Plan-Support Funding Under 11 U.S.C. §*

---

[1] Unless otherwise defined in this Declaration, all capitalized terms used herein shall have the meanings ascribed to them in the Application, the Motion, or the Plaintiffs' Verified Complaint.

- 2 -

*105(a), Fed. R. Bankr. P. 7065, and Fed. R. Civ. P. 65 [ECF No. 3]*(the "Motion"), filed in this adversary proceeding.

5.  On June 5, 2026, the Court entered its Order Granting Plaintiffs' Emergency Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Related Relief Preserving Court-Supervised Plan-Support Funding [ECF No. 19] (the "TRO Order").

6.  The TRO Order provides that the temporary restraining order expires on Monday, June 22, 2026, at 5:00 p.m. Pacific Time, unless extended by further order of the Court, by consent of Orange, or as otherwise permitted by Fed. R. Civ. P. 65, Fed. R. Bankr. P. 7065, and Fed. R. Bankr. P. 9006.

7.  The TRO Order further provides that Plaintiffs and Orange shall confer promptly regarding a proposed date and procedures for hearing Plaintiffs' request for preliminary injunction relief before expiration of the temporary restraining order, and that Plaintiffs may seek an order shortening time or other appropriate scheduling relief if the parties are unable to agree on an appropriate schedule.

8.  Plaintiffs and Orange have conferred regarding a proposed date and procedures for hearing Plaintiffs' request for preliminary injunction relief before expiration of the TRO Order. I understand that June 18, 2026, works for the parties as the hearing date.

9.  Plaintiffs are filing the Application so that the Court may set Plaintiffs' request for preliminary injunction and related relief preserving Court-supervised plan-support funding for hearing on June 18, 2026, at such time as the Court may set.

10.  I estimate that the preliminary-injunction hearing will take approximately thirty minutes.

11.  The relief requested in the Application will no longer be necessary after June 22, 2026, at 5:00 p.m. Pacific Time, because that is when the temporary restraining order expires absent further order, agreement, or other relief permitted by applicable rule.

12.  The Application seeks scheduling relief only. Plaintiffs are not asking the Court, through the Application, to enter additional substantive injunctive relief without a hearing. Rather, Plaintiffs seek to ensure that the preliminary-injunction portion of the Motion can be heard before expiration of the TRO Order.

13.  If the Court grants the Application, Plaintiffs will serve the order shortening time, any notice of hearing, and any related papers by the most expeditious means reasonably available, including email

- 3 -

- 4 -

where available, upon Orange and its counsel, Merrill Lynch, Pierce, Fenner & Smith Incorporated and/or its known counsel, Bank of America, N.A. and/or its known counsel, the Office of the United States Trustee for the District of Nevada, and any other party required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or further order of this Court.

14.    I am available to appear and testify at any hearing the Court sets on shortened time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 28, 2026

By: /s/ *Philip Kaplan*
       Philip Kaplan,
       Officer for Velocity Esports
       Inc., and its affiliates