Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
☐ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
■ Affects All Debtors

                    Debtor(s).

VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

**OMNIBUS DECLARATION OF LEONARD R. WANGER IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION [ADV. DKT. 38] AND SUPPLEMENTAL MOTION TO APPROVE AND IMPLEMENT LEONARD R. WANGER'S BINDING IRREVOCABLE PLAN-SUPPORT CONTRIBUTION; TO AUTHORIZE SPECIFIED DIRECT DISBURSEMENTS FROM RESTRICTED MERRILL LYNCH AND BANK OF AMERICA FUNDS; AND FOR RELATED RELIEF [ADV. DKT. 41]**

Adversary No.: 26-01075-mkn

Hearing Date: OST Requested
Hearing Time: OST Requested

- 1 -

Plaintiffs,

v.

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

I, Leonard R. Wanger, declare and agree as follows:

1. I am over eighteen and competent to testify. I submit this Declaration and Irrevocable Contribution Agreement and Commitment in support of Plaintiffs' Reply in Support of Motion for Preliminary Injunction, Adv. Dkt. No. 38, and Supplemental Motion to Approve and Implement Leonard R. Wanger's Binding Irrevocable Plan-Support Contribution; To Authorize Specified Direct Disbursements From Restricted Merrill Lynch and Bank of America Funds; and For Related Relief (the "Motion"), Adv. Dkt. No 41.

2. I am a principal and supporter of the Debtors and have participated in their restructuring. I also am the settlor and trustee of the LRW Revocable Trust. I make the commitments below in my individual capacity as to any Bank of America funds owned or controlled by me and in my capacity as trustee as to the Trust's Merrill accounts.

3. I have reviewed the LRW Revocable Trust instrument and understand that I have authority to direct, transfer, and contribute the Trust's interest in the Merrill accounts identified below, without additional approval from a co-trustee or beneficiary. I expressly consent, individually and as trustee, to this

- 2 -

Court's personal jurisdiction and final adjudication of the enforceability and implementation of this contribution commitment.

4.    Merrill's Answer of Garnishee identifies accounts ending 0011, 0012, 0014, and 1628. Account 0011 was reported at approximately $378,325.51 as of March 9, 2026; account 0012 at approximately $0.06; account 0014 at approximately $0.84; and account 1628 at approximately $8,127.79.

5.    The aggregate value reflected in Merrill's Answer was approximately $386,454.20. Accounts 0011 and 1628 contain cash and securities and are subject to market fluctuation. Because the accounts have remained restricted, I have not withdrawn or transferred funds from them and, to my knowledge, the restricted value has not materially changed other than ordinary market fluctuation.

6.    I understand that Bank of America holds approximately $3,988.22 associated with me and restrained under Orange's Florida writ. I commit the entire restricted Bank of America value to the permitted uses below to the extent the funds are owned or controlled by me and Bank of America may lawfully make the payment.

7.    Merrill advised that sales are permitted in the restricted accounts but proceeds may not leave without further court order. I understand the June 5, 2026, TRO likewise preserved the Merrill and Bank of America restrictions pending further order.

8.    I understand that Orange asserts that its Florida writs attach to the identified funds. I do not admit attachment, validity, extent, or priority, but I understand that the requested payments would reduce the specific pool against which Orange asserts collection rights.

9.    I have reviewed Joint Chapter 11 Plan of Reorganization #2, the Disclosure Statement, and the Feasibility / Liquidation Analysis. I understand the Court conditionally approved the Disclosure Statement for solicitation purposes and set the combined final-approval and confirmation hearing for September 15, 2026.

10.    I understand the feasibility analysis identifies approximately $386,454.00 of restricted Merrill funds as a potential Wanger cash contribution subject to court order and intended to support administrative solvency, transaction implementation, and reserve funding.

11. I understand NBA's pending First Interim Fee Application, after the voluntary reduction reflected in the United States Trustee's notice, seeks $373,249.45 in fees and $2,286.70 in expenses, for a total of $375,536.15, subject to Court allowance.

12. I understand the Court already allowed the Consumer Privacy Ombudsman's compensation in the amount of $12,835.00, that the award remains unpaid, and that payment of the Ombudsman and Court-allowed restructuring fees is important to administrative solvency and continued progress toward confirmation.

13. This Declaration is my binding contribution agreement and commitment. The commitment is effective, binding, and irrevocable upon my execution of this Declaration. Entry of the requested order is a condition to performance because the accounts are restricted; it is not a condition to the existence or enforceability of my commitment.

14. I will not revoke, withdraw, amend, countermand, or qualify the commitment while the Motion, any appeal, or any request for review or stay remains pending. If the requested relief is granted, the commitment remains binding until the authorized payments are completed. If relief is finally denied after all applicable review periods, the commitment terminates only because the contemplated performance was not legally authorized.

15. Pending final disposition of the Motion, I will not voluntarily transfer, withdraw, further pledge, or further encumber the committed interest in the restricted accounts, except for ordinary market transactions expressly permitted by Merrill that do not remove value from the restricted accounts.

16. No additional approval, consent, instrument, notice, or act by me or the LRW Revocable Trust is required to bind me or the Trust to this commitment, except ministerial implementation documents that Merrill or Bank of America may reasonably require after entry of an authorizing order.

17. The contribution includes all cash and securities in Merrill accounts ending 0011, 0012, 0014, and 1628, up to their current aggregate value, and all Bank of America funds restrained under Orange's writ, up to their current aggregate value, subject to the Court-ordered payment caps and sequence.

18. I authorize the restricted funds to be paid directly to Alan Chapell, as Consumer Privacy Ombudsman, and to Nevada Bankruptcy Attorneys, LLC, solely in the amounts and sequence authorized by the Court. I do not request transfer to me, the Trust, any Debtor operating account, or another insider.

- 4 -

19. For the primary sequence, I authorize Merrill first to pay the $12,835.00 Ombudsman award and then, after entry of the separate NBA fee order, to pay the remaining restricted Merrill value to NBA up to the amount allowed. I authorize Bank of America to pay NBA the lesser of its restricted value or the unpaid balance of NBA's allowed award after the Merrill payment, if Bank of America consents, appears, or otherwise may lawfully be bound.

20. If Bank of America cannot lawfully implement the payment or the Court declines to authorize it, I authorize Merrill first to pay the Ombudsman and then pay the remaining restricted Merrill balance to NBA up to the amount allowed. Any unpaid NBA balance may be collected from Debtors.

21. The contribution is voluntary plan-support funding. It is not a loan and is not made on account of a claim or debt that I or the Trust may hold against a Debtor. I do not offer the contribution as satisfaction of, or proof of compliance with, the judicial new-value exception to the absolute-priority rule.

22. Neither I nor the Trust will assert repayment, reimbursement, contribution, subrogation, indemnity, administrative-expense treatment, lien, priority, distribution, or any other claim against a Debtor or Reorganized Debtor arising from the contribution.

23. The contribution is not conditioned on a release, discharge, injunction, claim allowance or treatment, settlement with Orange, Woodfield, NOTL, or any other person, confirmation provision, or particular outcome in the Chapter 11 cases or adversary proceedings.

24. The contribution is not made in exchange for equity, membership interests, governance rights, management rights, compensation, or other consideration from a Debtor, Reorganized Debtor, or purchaser.

25. The contribution is made to support obligations reflected in the joint Plan, Disclosure Statement, feasibility analysis, and fee record. No portion is intended for my personal use or benefit.

26. I have the financial ability to perform because the committed accounts are existing, identified, and presently restricted. The permitted payments may not exceed the current account values and the amounts separately allowed by the Court.

27. I consent to Merrill's sale or liquidation of securities only to the extent necessary to make the authorized payments, and I authorize Merrill and, if legally permitted, Bank of America to rely on the Court's order and this Declaration.

- 5 -

28.     I understand NBA's payment remains subject to the separate fee order, final review, and any applicable adjustment or disgorgement. My contribution does not direct or control NBA's professional judgment or representation of the Debtors.

29.     Except for this commitment and the implementation authority expressly stated, I do not waive any position concerning ownership, trust reachability, the validity or priority of Orange's asserted garnishment rights, the Florida judgment, or another claim or defense. The commitment does not admit that the Trust is a judgment debtor or that Orange is entitled to Trust assets.

30.     I understand that the requested preliminary injunction is preconfirmation, would preserve only the residual restricted funds until the earlier of confirmation, dismissal or conversion, or further order, and would not vacate the Florida judgment, release or discharge me or the Trust, or determine postconfirmation collection rights.

31.     If the Court determines that formal party status is required, I consent, individually and in my capacity as trustee, to limited-purpose joinder or intervention solely to approve, enforce, and implement this contribution commitment, without waiving the rights and defenses reserved in paragraph 29.

32.     I make this commitment voluntarily, with the intent that the Debtors, creditors, and Court rely upon it, and I agree that the commitment is enforceable according to its terms upon execution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and I agree that the contribution commitments stated above are binding and enforceable upon execution.

Executed on August 7, 2026.

*/s/ Leonard R. Wanger*
Leonard R. Wanger, individually and as
Trustee of the LRW Revocable Trust