Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
5502 S. Fort Apache Rd., Suite 200
Las Vegas, NV 89148-7700
Phone: (702) 660-4228
Fax: (702) 660-4228
Email: mknepper@nvbankruptcyattorneys.com
*Attorneys for Plaintiffs/Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: 25-12627-mkn |
| VELOCITY ESPORTS, INC., | Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn |
| ☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors | Chapter 11<br><br>**DECLARATION OF MATTHEW I. KNEPPER, ESQ. IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION TO APPROVE AND IMPLEMENT LEONARD R. WANGER'S BINDING IRREVOCABLE PLAN-SUPPORT CONTRIBUTION; TO AUTHORIZE SPECIFIED DIRECT DISBURSEMENTS FROM RESTRICTED MERRILL LYNCH AND BANK OF AMERICA FUNDS; AND FOR RELATED RELIEF [Adv. Dkt. No. 41]** |
| Debtor(s). | |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs, | Adversary No.: 26-01075-mkn<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

- 1 -

v.

434 N. ORANGE INVESTMENT, LLC, a
Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED, solely as nominal
garnishee and stakeholder defendant for
purposes of notice and implementation of
injunctive relief,

Nominal Defendant.

I, Matthew I. Knepper, declare as follows:

1.      I am an attorney licensed in Nevada, admitted before this Court, and the managing member of Nevada Bankruptcy Attorneys, LLC ("NBA"). NBA is counsel for the Plaintiffs/Debtors. I have personal knowledge of the procedural matters stated below and could testify competently to them.

2.      I submit this declaration in support of Plaintiffs' Reply, their supplemental motion seeking approval of a binding plan-support contribution, independent Rule 65 findings, entry of a preliminary injunction preserving residual restricted funds while permitting compliance with a separate funding order, and specified direct payments (the "Funding Motion"), and the related Ex Parte Application for Order Shortening Time.

3.      On June 5, 2026, the Court entered its TRO at Adv. ECF No. 19. The TRO preserved the Merrill and Bank of America restrictions and stated that the funds could not be released without a further order or sufficient release. The TRO did not authorize any payment; the Funding Motion seeks a separate, specific merits determination.

4.      The Court entered stipulated extension orders at Adv. ECF Nos. 28, 32, and 39. A Third Stipulation further continuing the hearing and extending the temporary relief is pending. Plaintiffs understand that the preliminary-injunction request and Funding Motion will be heard on August 12, 2026, at 11:00 a.m.

5. As of the execution of this Declaration, I am not aware of a final Florida garnishment judgment directing turnover of the Merrill or Bank of America funds.

6. The Debtors filed Joint Chapter 11 Plan of Reorganization #2 at Main Case ECF No. 284, the Disclosure Statement at Main Case ECF No. 294, and the Feasibility / Liquidation Analysis at Main Case ECF No. 294-1. The Court conditionally approved the Disclosure Statement for solicitation at Main Case ECF No. 297.

7. The Feasibility / Liquidation Analysis models the restricted Merrill funds as a Wanger non-debtor guarantor contribution subject to Court order and uses non-debtor support to fund administrative and professional payments, transaction obligations, and implementation reserves.

8. The Court allowed Alan Chapell's Consumer Privacy Ombudsman fee in the amount of $12,835.00 at Main Case ECF No. 286. That award has not been paid.

9. Mr. Chapell has agreed to defer collection pending the Court's ruling on the Funding Motion.

10. NBA filed its First Interim Fee Application at Main Case ECF No. 302. The application expressly states that the Debtors would seek separate authority in this adversary proceeding for use of the restricted funds.

11. Following consultation, the United States Trustee filed the Notice of Voluntary Reduction at Main Case ECF No. 324. NBA's reduced request is $373,249.45 in fees and $2,286.70 in expenses, for a total of $375,536.15. The United States Trustee does not object to the reduced request while preserving rights concerning later applications.

12. The fee application is set for August 12, 2026, at 11:00 a.m. The Funding Motion does not ask the Court to allow NBA's fees. It asks the Court to determine whether the identified non-debtor source may pay the amount separately allowed.

13. The reduced NBA request and Ombudsman award total $388,371.15. The present record reflects approximately $386,454.20 in restricted Merrill value and approximately $3,988.22 in restricted Bank of America value. The modeled shortfall after applying the Merrill value is approximately $1,916.95.

14. The preferred structure is direct payment from Merrill and, if it consents, appears, or may otherwise lawfully be bound, Bank of America.

- 4 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, subject to completion of the bracketed consultation details before execution and filing.

Executed on August 7, 2026.

/s/ Matthew I. Knepper
Matthew I. Knepper