Honorable Mike K. Nakagawa
United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>VELOCITY ESPORTS, INC.,<br><br>☐ Affects Velocity Esports, Inc.<br>☐ Affects Velocity Esports Las Vegas Town Square, LLC<br>☐ Affects Velocity Esports Chicago Schaumburg, LLC<br>☐ Affects Velocity Esports Newport Kentucky, LLC<br>☐ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors<br><br>Debtor(s). | Case No. 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11<br><br>**ORDER GRANTING SUPPLEMENTAL FUNDING MOTION AND DIRECTING TRANSFER OF RESTRICTED MERRILL LYNCH FUNDS**<br><br>Adversary No.: 26-01075-mkn<br><br>Hearing Date: September 15, 2026<br>Hearing Time: 9:30 a.m. |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs, | |

v.

434 N. ORANGE INVESTMENT, LLC, a Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, solely as nominal garnishee and stakeholder defendant for purposes of notice and implementation of injunctive relief,

Nominal Defendant.

The Court having considered Plaintiffs' Supplemental Motion [Adv. Dkt. No. 41] (the "Motion"), the supporting declarations [Adv. Dkt. 42 and 43], the record, and the arguments presented at the September 15, 2026 hearing; no opposition to the Motion having been filed; and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Leonard R. Wanger's binding, irrevocable contribution, individually and as trustee of the LRW Revocable Trust, as set forth in Adv. Dkt. 42, is approved for implementation under this Order. The contribution is voluntary, non-reimbursable, and not conditioned on confirmation, a release, a discharge, equity, or other consideration. It creates no repayment, reimbursement, subrogation, indemnity, lien, priority, or other claim against any Debtor or Reorganized Debtor;

**IT IS FURTHER ORDERED** that 434 N. Orange Investment, LLC ("Orange") shall file a Notice of Dissolution ("Dissolution") of the Writ of Garnishment issued in the matter styled *434 N. Orange Investment, LLC v. Leonard Wanger, et al.*, Case No. 2025-CA-003002-O pending in the Circuit Court of the 9th Judicial Circuit in and for Orange County, FL ("Florida Action") within five business days from the entry of this Order so that Merrill may effectuate the payment as set forth herein;

**IT IS FURTHER ORDERED** that this Order applies to all cash, securities, and proceeds presently held in suspense or otherwise restricted by Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") in the LRW Revocable Trust accounts ending in 0011, 0012, 0014, and 1628 (the "Merrill Accounts"). The operative amount is the actual aggregate cash balance and realized liquidation proceeds, including interest and other credits posted before transfer from the Merrill Accounts, not an estimated historical account value ("Merrill Funds");

**IT IS FURTHER ORDERED**, that within seven business days after the latter of (i) entry of this Order and (ii) Orange's filing of the Dissolution, Merrill shall liquidate all securities in the Merrill Accounts;

**IT IS FURTHER ORDERED** that within fourteen business days after the latter of (i) entry of this Order and (ii) Orange's filing of the Dissolution, Merrill shall cause the full amount of the Merrill Funds to be wired in immediately available funds to the client trust account of Nevada Bankruptcy Attorneys, LLC ("NBA") identified below. Merrill is authorized and directed to liquidate securities as necessary to complete that transfer. NBA shall receive the funds solely as trust-account custodian and disbursing agent for the payments authorized in this Order, and not as an unrestricted payment of compensation.

**IT IS FURTHER ORDERED** that Merrill shall use the following verified recipient information together with the complete account number and any required further-credit instructions supplied securely by NBA. NBA shall provide to Merrill complete, verified instructions before entry of this Order:

Beneficiary: Nevada Bankruptcy Attorneys, LLC Client Trust Account

Receiving bank: Nevada State Bank

ABA / wire routing number: 122400779

Account ending: *****3200;

**IT IS FURTHER ORDERED** that upon receipt of cleared funds, NBA shall first pay Alan Chapell, Consumer Privacy Ombudsman, the unpaid portion of his Court-allowed $12,835.00 award. Only after that payment may NBA apply the remaining funds to its unpaid compensation and expenses

allowed by Main Case ECF No. 335, not exceeding $375,536.15. The aggregate authorized disbursements shall not exceed $388,371.15;

**IT IS FURTHER ORDERED** that any amount received in excess of the unpaid awards shall remain segregated on NBA's client trust ledger and shall not be disbursed absent further order. No funds may be transferred to Wanger, the Trust, a Debtor operating account, another insider, or any other recipient except as expressly authorized here. Receipt in trust does not increase NBA's fee allowance or authorize payment of later-accrued fees;

**IT IS FURTHER ORDERED** that consistent with Adv. Dkt. 42, Bank of America, N.A. is authorized to pay NBA the lesser of the restricted Wanger funds identified in the Motion or the remaining unpaid NBA allowance after application of the Merrill Funds, but only if Bank of America consents, appears and is lawfully subject to the relief, or otherwise may lawfully be bound. This Order does not determine that such a basis presently exists. Unavailability of a Bank of America payment does not delay the Merrill transfer; any unpaid NBA allowance remains unpaid and subject to further order;

**IT IS FURTHER ORDERED** that this Order supplies the further authorization contemplated by the temporary restraining order at Adv. ECF No. 19, as extended. Those restraints are modified only to permit the liquidation, transfer, and disbursements expressly directed here. Merrill may rely on this Order and Wanger's commitment without further substantive consent from Orange, Wanger, or the Trust;

**IT IS FURTHER ORDERED** that Merrill is not responsible for any market fluctuations or tax consequences resulting from complying with this Order;

**IT IS FURTHER ORDERED** that Plaintiffs shall promptly serve the entered Order on Merrill through its counsel and provide the verified wire instructions through a secure channel. NBA shall maintain a separate ledger for receipt and application of the funds and file any supplemental compensation disclosure required by Bankruptcy Rule 2016. Any implementation impediment shall be brought promptly to the Court's attention; it does not itself extend the transfer deadline; and

/ / /

**IT IS FURTHER ORDERED** that this Order is effective and enforceable immediately upon entry. To the extent Federal Rule of Civil Procedure 62(a), incorporated by Bankruptcy Rule 7062, would otherwise delay implementation, the Court orders otherwise to permit compliance with the deadlines set forth above.

Prepared and submitted by:

**NEVADA BANKRUPTCY ATTORNEYS, LLC**
s/ *Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Attorneys for Plaintiffs

**<u>LOCAL RULE 9021 CERTIFICATION</u>**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

Submitted on September 22, 2026 by:

*<u>s/ Matthew I. Knepper</u>*
Matthew I. Knepper