Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N. Orange Investment, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VELOCITY ESPORTS, INC.,<br><br>□ Affects Velocity Esports, Inc.<br>□ Affects Velocity Esports Las Vegas Town Square, LLC<br>□ Affects Velocity Esports Chicago Schaumburg, LLC<br>□ Affects Velocity Esports Newport Kentucky, LLC<br>□ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors | Case No. 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11 |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>434 N. ORANGE INVESTMENT, LLC, a Delaware limited liability company; | Adv. No. 26-01075-mkn<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending |

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, solely as nominal garnishee and stakeholder defendant for purposes of notice and implementation of injunctive relief,

Nominal Defendant.

**MOTION FOR RELIEF FROM FINAL ORDER**

Comes now the 434 N. Orange Investment, LLC ("434 N. Orange" or the "Defendant"), by and through undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024, and moves this Honorable Court for relied from the *Order Granting Supplemental Funding Motion and Directing Transfer of Restricted Merrill Lynch Funds* (the "Order"), ECF No. 51, and in support thereof states as follows:

As this Honorable Court is aware, the instant adversary proceeding concerns efforts of the debtors herein (the "Debtors") to obtain a preliminary injunction prohibiting 434 N. Orange from garnishing monies belonging to a principal of the Debtors. The underlying injunctive motion has been fully briefed and is pending before this Honorable Court. A hearing thereupon is scheduled for September 29, 2026, *see* ECF No. 49, though it has been previously suggested such will track with confirmation in the main case since one of the issues is whether or not the Debtors are likely to succeed in reorganizing, *see* ECF No. 37 at 7:13-8:13.

In the interim, the Debtors filed their *Supplemental Motion to Approve and Implement Leonard R. Wanger's Binding Irrevocable Plan-Support Contribution; to Authorize Specified Direct Disbursements from Restricted Merrill Lynch and Bank of America Funds; and for Related Relief* (the "Underlying Motion"), ECF No. 41. Critically, the Underlying Motion seeks to

authorize a non-debtor principal to transfer various monies—currently held pursuant to the garnishment of 434 N. Orange—to creditors of the Debtors, on a very specific temporal horizon and with a very specific conditional precedent: "Plaintiffs respectfully request that, **upon or contemporaneously with entry of the preliminary injunction**, the Court approve the contribution, authorize the specified direct payments subject to the stated safeguards, and grant the related and alternative relief requested herein." Underlying Motion, ECF No. 41, at 11:27-12:2 (emphasis added).

Insofar as the Underlying Motion only seeks relief that will be effective *if* a preliminary injunction issues, 434 N. Orange did not oppose the Underlying Motion. Stated most simply, 434 N. Orange vigorously opposes entry of a preliminary injunction and has briefed that issue in some detail, *see* ECF No. 37, but if a preliminary injunction is to issue nonetheless, 434 N. Orange does not see reason to be obstructionist and oppose a motion seeking to establish the procedures through which monies may be transferred. 434 N. Orange may well appeal an injunction, may seek a stay pending appeal, and may pursue any number of other remedies related to an injunction. But 434 N. Orange is not interested in being difficult for sport.

All of which invites the instant problem: in granting the Underlying Motion, this Honorable Court exceeded the scope of relief sought therein, directing, *inter alia*:

> . . . that 434 N. Orange Investment, LLC ("Orange") shall file a Notice of Dissolution ("Dissolution") of the Writ of Garnishment issued in the matter styled 434 N. Orange Investment, LLC v. Leonard Wanger, et al., Case No. 2025-CA-003002-O pending in the Circuit Court of the 9th Judicial Circuit in and for Orange County, FL ("Florida Action") **within five business days from the entry of this Order** so that Merrill may effectuate the payment as set forth herein. . .

Order, ECF No. 51, at 2:21-27 (emphasis added).

Plainly, the Order directs monies be transferred immediately (or, more precisely, within five business days), while the Underlying Motion seeks a transfer if—and only if—a preliminary

injunction is entered. And the relief afforded is, accordingly, notably broader—and more far-reaching—than what is sought in the Underlying Motion, with the Order essentially mooting any need for consideration of the prayer for injunctive relief at the heart of the complaint giving rise to this adversary proceeding.

Governing law, however, does not permit the granting of relief broader than what is sought in a motion. *See, e.g., Contour Design, Inc. v. Chance Mold Steel Co.*, No. 09-cv-451-JL, 2010 U.S. Dist. LEXIS 121761, at *9 (D.N.H. Oct. 22, 2010) (refusing to grant relief broader than that sought in a motion, even when a docketed proposed order shows a desire to obtain broader relief, because "[t]he proper route for plaintiff to expand its request for relief would have been the filing of a motion to amend the motion for preliminary injunction," while also noting "a catch-all 'including but not limited to' phrase . . . is not sufficient notice to the defendant or the court); *Rockette v. Carpenter Mgmt.*, No. 3:23-CV-406-MPM-RP, 2025 U.S. Dist. LEXIS 224420, at *4 (N.D. Miss. Nov. 14, 2025) ("Rockette may not request by motion injunctive relief greater than the relief requested in his amended complaint.") (citing *Temple v. Reliance First Capital, LLC*, No. 2:24-cv-634-ACA, 2025 U.S. Dist. LEXIS 106014, 2025 WL 1484706, at *3 (N.D. Ala. June 4, 2025) (citing *Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1382-83 (11th Cir. 2023)); *Giaimo v. MacKinnon*, 2000 WL 1745171, at *4 and n.7 (D.N.H. Oct. 20, 2000)); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (". . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

As expressed in separate papers, there are numerous issues with the injunctive relief sought by the Debtors herein. *See* Opposition to Motion for Injunctive Relief, ECF No. 37, *passim*. As the record herein has developed, other issues have, too, come to light—not the least of which being that the relief sought appears to be permission to carry out a fraudulent conveyance that is avoidable under state law. *See* NRS § 112.180. And, as noted throughout this matter, there

does not appear to exist any precedent whatsoever for the furnishing of a section 105 injunction on solely pecuniary grounds (*i.e.*, where such is not also tied to the need of a debtor to obtain the labors or cooperation of a principal, or to avoid indemnity and contribution issues). There is also no apparent authority for the furnishing of such an injunction where there does not exist a plan that is likely to be confirmed, a fact all the more aggravated *sub judice* by the fact that the Debtors do not even have monies to pay their own counsel without stopping 434 N. Orange from collecting on a lawful guaranty judgment.

This Honorable Court has the power to grant relief from a final order on grounds of "mistake, inadvertence, surprise, or excusable neglect," as well as for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). *See also* Fed. R. Bankr. P. 9024 (making Rule 60 applicable to adversary proceedings with certain limitations inapplicable to the instant case). The latter provision ". . . grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 863 (1988). Additionally, the former provision expressly contemplates "surprise," which is generally regarded as "an equitable matter." *Talley v. PA Dep't of Corr.*, 2020 U.S. Dist. LEXIS 42846, at *7 n.2 (M.D. Pa. Mar. 12, 2020).

Assuredly, furnishing relief beyond that prayed for in a motion gives rise to "surprise." And to the extent such does not, the furnishing of such relief would nonetheless be an occurrence that "justifies relief." And there accordingly exists good cause, under Rule 60, to afford relief from the Order.

WHEREFORE, 434 N. Orange respectfully prays this Honorable Court (i) rescind the Order as improvidently entered; and (ii) afford such other and further relief as may be just and proper.

Dated: September 24, 2026

Respectfully submitted

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N. Orange Investment, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, the foregoing brief was filed using the CM/ECF system, which served a NEF on all parties receiving such service in this case.

/s/ Maurice B. VerStandig
Maurice B. VerStandig