# EXHIBIT A

## Merrill Email Exchange

Gmail

Matthew Knepper <mknepper@nvbankruptcyattorneys.com>

# Orange Investment, LLC v. Leonard Wanger and Philip Kaplan, Case No. 2025-CA-003002-O

11 messages

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Wed, Aug 5, 2026 at 12:07 PM
To: jbowyer@mcguirewoods.com

Counsel:

I am writing regarding the Merrill Lynch accounts identified in Merrill's Answer of Garnishee in *434 N. Orange Investment, LLC v. Leonard Wanger and Philip Kaplan*, Case No. 2025-CA-003002-O, and the related bankruptcy adversary proceeding, *Velocity Esports, Inc., et al. v. 434 N. Orange Investment, LLC*, Adv. No. 26-01075-mkn.

By way of background, the Bankruptcy Court entered a temporary restraining order on June 5, 2026, preserving the existing restrictions on the Merrill accounts while prohibiting Orange from completing its garnishment remedies pending further order. The TRO does not presently authorize Merrill to liquidate, release, or transfer the restricted funds. The preliminary-injunction hearing has been continued by stipulation and is presently expected to proceed on August 11, 2026.

Since entry of the TRO, the Debtors have filed their Plan of Reorganization and Disclosure Statement. The Court has conditionally approved the Disclosure Statement for solicitation, and the accompanying feasibility analysis identifies the restricted Merrill funds as a proposed voluntary contribution by Leonard Wanger, in his capacity as trustee of the LRW Revocable Trust, to support administrative solvency and implementation of the Plan.

We are filing a motion seeking approval of Mr. Wanger's binding and irrevocable contribution and requesting a further order authorizing Merrill to liquidate securities, as necessary, and transfer the authorized funds directly to designated recipients. The requested uses will include payment of the Court-approved Consumer Privacy Ombudsman fee and, subject to entry of a separate fee order, payment of Nevada Bankruptcy Attorneys, LLC's allowed interim professional fees and expenses. The proposed order will preserve all unresolved rights and will not require Merrill to act until the specified conditions are satisfied.

Merrill's Answer, attached here, identifies accounts ending in 0011, 0012, 0014, and 1628, with an aggregate reported value of approximately $386,454.20 as of March 9, 2026. Accounts 0011 and 1628 contain both cash and securities. Merrill has separately advised that sales may occur within the restricted accounts, but proceeds may not leave the accounts without further court authorization.

To make the proposed order operationally workable for Merrill, please provide or confirm:

1. Merrill's preferred language for the wire-transfer and implementation provisions in the proposed order;
2. whether Merrill requires express authority to liquidate securities before initiating the wire;
3. any required notice period or processing period after entry and service of the order;
4. whether Merrill requires a certified or conformed copy of the entered order;
5. the appropriate Merrill department, contact person, and delivery method for the entered order and wire instructions; and
6. any additional releases, certifications, forms, or ministerial documentation Merrill would require before transferring the funds.

The proposed transfer to Nevada Bankruptcy Attorneys, LLC would be made directly to the firm's client trust account. Please also advise whether Merrill prefers that the final order contain the complete wire block or instead authorize payment pursuant to separate written wire instructions delivered securely after entry of the order. We can transmit the trust-account instructions through whatever secure method Merrill requires.

We are working toward an OST hearing and would appreciate receiving Merrill's preferred language and implementation requirements as soon as practicable so they can be incorporated into the proposed order.

Thank you,

Matt

--

Matthew I. Knepper, Esq.
Nevada Bankruptcy Attorneys LLC
5502 S. Fort Apache Rd. Suite #200
Las Vegas, NV 89148
Phone: (702) 660-4228

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**Bowyer, Jason R.** <JBowyer@mcguirewoods.com> Thu, Aug 6, 2026 at 2:35 PM
To: Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>

Mr. Knepper:

Thank you for reaching out. Could you prepare a draft of the proposed order with the requisite instructions that conform with your email below? We will then review with our client and ensure that the order is sufficient for Merrill to operationally comply. Thank you and please let us know if you would like to discuss further.

**Jason R. Bowyer**

Counsel

McGuireWoods LLP

T: +1 904 798 3230 | M: +1 904 635 7552

jbowyer@mcguirewoods.com

---

**From:** Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
**Sent:** Wednesday, August 5, 2026 3:08 PM
**To:** Bowyer, Jason R. <JBowyer@mcguirewoods.com>
**Subject:** Orange Investment, LLC v. Leonard Wanger and Philip Kaplan, Case No. 2025-CA-003002-O

**EXTERNAL EMAIL; use caution with links and attachments**

Counsel:

I am writing regarding the Merrill Lynch accounts identified in Merrill's Answer of Garnishee in *434 N. Orange Investment, LLC v. Leonard Wanger and Philip Kaplan*, Case No. 2025-CA-003002-O, and the related bankruptcy adversary proceeding, *Velocity Esports, Inc., et al. v. 434 N. Orange Investment, LLC*, Adv. No. 26-01075-mkn.

By way of background, the Bankruptcy Court entered a temporary restraining order on June 5, 2026, preserving the existing restrictions on the Merrill accounts while prohibiting Orange from completing its garnishment remedies pending further order. The TRO does not presently authorize Merrill to liquidate, release, or transfer the restricted funds. The preliminary-injunction hearing has been continued by stipulation and is presently expected to proceed on August 11, 2026.

Since entry of the TRO, the Debtors have filed their Plan of Reorganization and Disclosure Statement. The Court has conditionally approved the Disclosure Statement for solicitation, and the accompanying feasibility analysis identifies the restricted Merrill funds as a proposed voluntary contribution by Leonard Wanger, in his capacity as trustee of the LRW Revocable Trust, to support administrative solvency and implementation of the Plan.

We are filing a motion seeking approval of Mr. Wanger's binding and irrevocable contribution and requesting a further order authorizing Merrill to liquidate securities, as necessary, and transfer the authorized funds directly to designated recipients. The requested uses will include payment of the Court-approved Consumer Privacy Ombudsman fee and, subject to entry of a separate fee order, payment of Nevada Bankruptcy Attorneys, LLC's allowed interim professional fees and expenses. The proposed order will preserve all unresolved rights and will not require Merrill to act until the specified conditions are satisfied.

Merrill's Answer, attached here, identifies accounts ending in 0011, 0012, 0014, and 1628, with an aggregate reported value of approximately $386,454.20 as of March 9, 2026. Accounts 0011 and 1628 contain both cash and securities. Merrill has separately advised that sales may occur within the restricted accounts, but proceeds may not leave the accounts without further court authorization.

To make the proposed order operationally workable for Merrill, please provide or confirm:

1. Merrill's preferred language for the wire-transfer and implementation provisions in the proposed order;
2. whether Merrill requires express authority to liquidate securities before initiating the wire;
3. any required notice period or processing period after entry and service of the order;
4. whether Merrill requires a certified or conformed copy of the entered order;
5. the appropriate Merrill department, contact person, and delivery method for the entered order and wire instructions; and
6. any additional releases, certifications, forms, or ministerial documentation Merrill would require before transferring the funds.

The proposed transfer to Nevada Bankruptcy Attorneys, LLC would be made directly to the firm's client trust account. Please also advise whether Merrill prefers that the final order contain the complete wire block or instead authorize payment pursuant to separate written wire instructions delivered securely after entry of the order. We can transmit the trust-account instructions through whatever secure method Merrill requires.

We are working toward an OST hearing and would appreciate receiving Merrill's preferred language and implementation requirements as soon as practicable so they can be incorporated into the proposed order.

Thank you,

Matt

--

Matthew I. Knepper, Esq.
Nevada Bankruptcy Attorneys LLC
5502 S. Fort Apache Rd. Suite #200
Las Vegas, NV 89148
Phone: (702) 660-4228

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended

recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

---

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Tue, Aug 11, 2026 at 11:04 AM
To: "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>

Jason:

I apologize for the delayed response as I was hoping to secure a stipulation with opposing counsel regarding the release of funds. Instead, we are arguing the preliminary injunction motion tomorrow. If the court enters the PI, opposing counsel appears willing to work with me to enter a stipulated order releasing the funds. If that is the case, then we'll circle back to you with a draft proposed stipulated order for review and input.

Best regards,

Matt

[Quoted text hidden]

---

**Bowyer, Jason R.** <JBowyer@mcguirewoods.com> Tue, Aug 11, 2026 at 11:25 AM
To: Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>

Thanks, Matt. We appreciate the update.

**Jason R. Bowyer**

Counsel

McGuireWoods LLP

T: +1 904 798 3230 | M: +1 904 635 7552

jbowyer@mcguirewoods.com

---

**From:** Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
**Sent:** Tuesday, August 11, 2026 2:05 PM
**To:** Bowyer, Jason R. <JBowyer@mcguirewoods.com>
**Cc:** Chaney, Heather Britton <HChaney@mcguirewoods.com>
**Subject:** Re: Orange Investment, LLC v. Leonard Wanger and Philip Kaplan, Case No. 2025-CA-003002-O

**EXTERNAL EMAIL; use caution with links and attachments**

Jason:

I apologize for the delayed response as I was hoping to secure a stipulation with opposing counsel regarding the release of funds. Instead, we are arguing the preliminary injunction motion tomorrow. If the court enters the PI, opposing counsel appears willing to work with me to enter a stipulated order releasing the funds. If that is the case, then we'll circle back to you with a draft proposed stipulated order for review and input.

Best regards,

Matt

On Thu, Aug 6, 2026 at 2:35 PM Bowyer, Jason R. <JBowyer@mcguirewoods.com> wrote:

> Mr. Knepper:
>
> Thank you for reaching out. Could you prepare a draft of the proposed order with the requisite instructions that conform with your email below? We will then review with our client and ensure that the order is sufficient for Merrill to operationally comply. Thank you and please let us know if you would like to discuss further.
>
> **Jason R. Bowyer**
>
> Counsel
>
> McGuireWoods LLP
>
> T: +1 904 798 3230 | M: +1 904 635 7552
>
> jbowyer@mcguirewoods.com
>
> [Quoted text hidden]

---

**Bowyer, Jason R.** <JBowyer@mcguirewoods.com> Mon, Aug 24, 2026 at 8:35 AM
To: Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>

Good morning, Matthew:

We received the attached documents from counsel last week. Would you mind providing us with an update on where the pending litigation stands, specifically as it relates to Merrill? We stand ready to review a proposed order with instructions to Merrill for disbursement, if that is something you can send over to us before the hearing in September 15 in the BK court in Nevada. Thank you and please let us know if you have any questions or would like to discuss.

**Jason R. Bowyer**

Counsel

McGuireWoods LLP

T: +1 904 798 3230 | M: +1 904 635 7552

jbowyer@mcguirewoods.com

---

**From:** Matthew Knepper <mknepper@nvbankruptcyattorneys.com>
**Sent:** Tuesday, August 11, 2026 2:05 PM
**To:** Bowyer, Jason R. <JBowyer@mcguirewoods.com>
**Cc:** Chaney, Heather Britton <HChaney@mcguirewoods.com>
**Subject:** Re: Orange Investment, LLC v. Leonard Wanger and Philip Kaplan, Case No. 2025-CA-003002-O

**EXTERNAL EMAIL; use caution with links and attachments**

Jason:

I apologize for the delayed response as I was hoping to secure a stipulation with opposing counsel regarding the release of funds. Instead, we are arguing the preliminary injunction motion tomorrow. If the court enters the PI, opposing counsel appears willing to work with me to enter a stipulated order releasing the funds. If that is the case, then we'll circle back to you with a draft proposed stipulated order for review and input.

Best regards,

Matt

On Thu, Aug 6, 2026 at 2:35 PM Bowyer, Jason R. <JBowyer@mcguirewoods.com> wrote:

> Mr. Knepper:

Thank you for reaching out. Could you prepare a draft of the proposed order with the requisite instructions that conform with your email below? We will then review with our client and ensure that the order is sufficient for Merrill to operationally comply. Thank you and please let us know if you would like to discuss further.

**Jason R. Bowyer**

Counsel

McGuireWoods LLP

T: +1 904 798 3230 | M: +1 904 635 7552

jbowyer@mcguirewoods.com

[Quoted text hidden]

---

**4 attachments**

**2-26-ap-01075_41_Suppl Application_Adv.pdf**
535K

**2-26-ap-01075_42_Omnibus Decl_Adv.pdf**
401K

**2-26-ap-01075_43_Decl of MIK_Adv.pdf**
364K

**2-26-ap-01075_44_Notice of Hearing_Adv.pdf**
184K

---

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Mon, Aug 24, 2026 at 10:26 AM
To: "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>

Jason:

Thank you for the follow up. The court extended the TRO, and continued the PI motion to September 15, 2026. I'll circle back after that.
[Quoted text hidden]

---

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Tue, Sep 15, 2026 at 12:35 PM
To: "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>, Lucille Chiusano <lu@nvbankruptcyattorneys.com>

Jason:

Following up on our earlier correspondence, the Bankruptcy Court today granted the Supplemental Funding Motion, Adv. ECF No. 41, as unopposed. We are preparing the proposed order implementing that ruling.

Separately, the Court continued the preliminary-injunction hearing to September 29, 2026, at 9:30 a.m., and extended the TRO until that date and time. The funding motion was granted, not continued.

As we discussed in August, we want the funding order to contain the instructions Merrill needs to implement the authorized payments from the accounts ending in 0011, 0012, 0014, and 1628. Please provide or confirm:

1. Merrill's preferred language authorizing any necessary liquidation of securities and the release and wire transfer of the authorized funds directly to the designated recipients.
2. Whether Merrill prefers the order to contain the complete wire instructions or to authorize payment pursuant to separate written instructions delivered securely.
3. Any required processing or settlement period following entry and service of the order.
4. Whether Merrill requires a certified or conformed copy, and the appropriate department, contact person, and delivery method for the order and wire instructions.
5. Any additional forms, authorizations, certifications, or other documentation needed to complete the transfers.

The contemplated payments are to the Consumer Privacy Ombudsman and Nevada Bankruptcy Attorneys, LLC, consistent with the motion and the applicable compensation orders. As outlined in my earlier email, NBA's payment would be directed to the firm's client trust account. We can provide the recipient wire instructions through Merrill's preferred secure channel rather than placing full banking information in the public record.

Please let me know if you have any edits for the attached draft order.

Best regards,

Matt

On Thu, Aug 6, 2026 at 2:35 PM Bowyer, Jason R. <JBowyer@mcguirewoods.com> wrote:
[Quoted text hidden]

---

**Proposed_Order_Granting_Supplemental_Funding_Motion.docx**
45K

---

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Wed, Sep 16, 2026 at 4:41 PM
To: "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>, Lucille Chiusano <lu@nvbankruptcyattorneys.com>

Jason:

Any feedback? Are we good to enter the order?
[Quoted text hidden]

---

**Chaney, Heather Britton** <HChaney@mcguirewoods.com> Wed, Sep 16, 2026 at 7:35 PM
To: Matthew Knepper <mknepper@nvbankruptcyattorneys.com>, "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: Lucille Chiusano <lu@nvbankruptcyattorneys.com>

Matthew,

We are reviewing the proposed order with our client and will get back to you with feedback as quickly as we can.

Thanks,

Heather

**Heather Britton Chaney**

McGuireWoods LLP

T: +1 703 712 5015 | M: +1 954 298 9363

hchaney@mcguirewoods.com

[Quoted text hidden]

---

**Chaney, Heather Britton** <HChaney@mcguirewoods.com> Fri, Sep 18, 2026 at 9:12 AM
To: Matthew Knepper <mknepper@nvbankruptcyattorneys.com>, "Bowyer, Jason R." <JBowyer@mcguirewoods.com>
Cc: Lucille Chiusano <lu@nvbankruptcyattorneys.com>

Matthew,

Attached please find Merrill's edits to the proposed order, which are reflected in track changes. Please let us know if you have any questions or would like to discuss further.

Thanks,

Heather

**Heather Britton Chaney**

McGuireWoods LLP

T: +1 703 712 5015 | M: +1 954 298 9363

hchaney@mcguirewoods.com

[Quoted text hidden]

**Proposed_Order_Granting_Supplemental_Funding_Motion_MW edits(600831120.1).docx**
47K

---

**Matthew Knepper** <mknepper@nvbankruptcyattorneys.com> Thu, Sep 24, 2026 at 10:35 AM
To: "Chaney, Heather Britton" <HChaney@mcguirewoods.com>
Cc: "Bowyer, Jason R." <JBowyer@mcguirewoods.com>, Lucille Chiusano <lu@nvbankruptcyattorneys.com>

Heather:

Please see the attached order as entered on the docket. I accepted all of your edits, but Orange's deadline to file Dissolution is five, rather than seven, business days from the order's entry.

Here are the complete wire instructions:

Beneficiary: Nevada Bankruptcy Attorneys, LLC Client Trust Account
Receiving bank: Nevada State Bank
ABA / wire routing number: 122400779
Acct #: 979583200

The NBA's proper address should it be required:

Nevada Bankruptcy Attorneys LLC
5502 S. Fort Apache Rd. Suite #200
Las Vegas, NV 89148

Best regards,

Matt
[Quoted text hidden]

---

**[VES] File Stamped Order Granting Funding Motion.pdf**
702K