Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
☐ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
■ Affects All Debtors

Debtor(s).

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

Adversary No.: 26-01075-mkn

**ORDER DENYING DEFENDANT 434 N. ORANGE INVESTMENT, LLC'S MOTION TO RECONSIDER [ECF 52]**

Hearing Date: September 29, 2026
Hearing Time: 2:30 p.m.

VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,

Plaintiffs,

v.

434 N. ORANGE INVESTMENT, LLC, a Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, solely as nominal garnishee and stakeholder defendant for purposes of notice and implementation of injunctive relief,

Nominal Defendant.

This matter came before the Court on September 29, 2026, on Defendant 434 N. Orange Investment, LLC's ("Orange") Motion to Reconsider / for Relief from Final Order [Adv. ECF No. 52] (the "Reconsideration Motion"), which seeks relief from the Court's prior order granting Plaintiffs' supplemental funding motion. The Court considered the Reconsideration Motion; Plaintiffs' Opposition [Adv. ECF No. 55]; the Omnibus Declaration of Matthew I. Knepper [Adv. ECF No. 57] and attached exhibits; the record in this adversary proceeding and the jointly administered Chapter 11 cases; and the arguments of counsel. The Court heard the Reconsideration Motion together with Plaintiffs' pending request for a preliminary injunction and stated its findings and conclusions on the record on September 29, 2026.

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

Orange seeks relief under Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, including Rule 60(b)(1) and Rule 60(b)(6). Orange bears the burden of establishing grounds for relief from the prior order.

2. By separate order entered in this adversary proceeding, and for the reasons stated on the record on September 29, 2026, the Court grants Plaintiffs' request for a preliminary injunction.

3. In light of the Court's ruling granting the preliminary injunction, and for the reasons stated on the record, the Reconsideration Motion will be denied.

Accordingly, for good cause appearing therefore:

**IT IS ORDERED THAT** Defendant 434 N. Orange Investment, LLC's Motion to Reconsider / for Relief from Final Order [Adv. ECF No. 52] is **DENIED**;

**IT IS FURTHER ORDERED THAT** the Court's prior order granting Plaintiffs' supplemental funding motion remains in effect according to its terms, subject to any stay or further order entered by this Court or an appellate court;

**IT IS FURTHER ORDERED THAT** nothing in this Order limits Orange's right to seek a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007. Consistent with the Court's September 29, 2026 oral ruling, Orange may seek an order shortening time for hearing on any such motion;

**IT IS SO ORDERED.**

Respectfully submitted on September 30, 2026.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorneys for Plaintiffs*

## **LOCAL RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Maurice Verstandig, Esq. (Counsel for Defendant 434 N. Orange Investment, LLC ): Agreed as to form; objected as to content.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.