Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re

VELOCITY ESPORTS, INC.,

☐ Affects Velocity Esports, Inc.
☐ Affects Velocity Esports Las Vegas Town Square, LLC
☐ Affects Velocity Esports Chicago Schaumburg, LLC
☐ Affects Velocity Esports Newport Kentucky, LLC
☐ Affects Velocity Esports Orlando Downtown, LLC
■ Affects All Debtors

Debtor(s).

VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,

Case No.: 25-12627-mkn

Jointly Administered with
Case No. 25-12628-mkn
Case No. 25-12629-mkn
Case No. 25-12630-mkn
Case No. 25-12631-mkn

Chapter 11

Adversary No.: 26-01075-mkn

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [ECF 3]**

Hearing Date: September 29, 2026
Hearing Time: 2:30 p.m.

Plaintiffs,

v.

434 N. ORANGE INVESTMENT, LLC, a Delaware limited liability company;

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, solely as nominal garnishee and stakeholder defendant for purposes of notice and implementation of injunctive relief,

Nominal Defendant.

This matter came before the Court on September 29, 2026, for continued hearing on Plaintiffs' Emergency Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Related Relief Preserving Court-Supervised Plan-Support Funding [Adv. ECF Nos. 2 and 3] (the "Injunction Motion"). The Court considered the Injunction Motion; the Verified Adversary Complaint; the Court's June 5, 2026 Order granting temporary restraining relief [Adv. ECF No. 19] and subsequent orders extending that relief; Defendant 434 N. Orange Investment, LLC's ("Orange") opposition [Adv. ECF No. 37]; Plaintiffs' reply [Adv. ECF No. 38]; the Omnibus Declaration of Leonard R. Wanger [Adv. ECF No. 42]; Plaintiffs' Supplemental Reply [Adv. ECF No. 56]; the Omnibus Declaration of Matthew I. Knepper [Adv. ECF No. 57]; the Joint Chapter 11 Plan of Reorganization #2 and related disclosure and feasibility materials in the jointly administered Chapter 11 cases; the entire record in this adversary proceeding and the jointly administered cases; and the arguments of counsel. The Court stated its findings of fact and conclusions of law on the record at the September 29, 2026 hearing, which are incorporated here by reference, and reflected below.

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

1. Federal Rule of Civil Procedure 65, made applicable by Federal Rule of Bankruptcy Procedure 7065, governs the request for preliminary injunctive relief. A preliminary injunction is an extraordinary remedy. Under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), a movant ordinarily must establish likelihood of success on the merits, likelihood of irreparable injury absent preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. Under the Ninth Circuit's sliding-scale approach in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011), serious questions going to the merits and a balance of hardships that tips sharply toward the movant may support preliminary relief so long as the movant also establishes likelihood of irreparable injury and that the injunction is in the public interest.

2. The requested preliminary injunction seeks to preserve the specific Merrill Lynch and Bank of America funds that are the subject of Orange's Florida garnishment efforts against Leonard R. Wanger and/or the LRW Revocable Trust. Absent the temporary injunctive relief previously entered by this Court, Orange likely or possibly would have proceeded with the Florida enforcement proceedings and those funds would no longer have been available to support the Debtors' reorganization efforts.

3. Orange has indicated that it will object to confirmation of the Debtors' proposed Chapter 11 plan, and numerous factual and legal issues remain to be addressed in connection with confirmation. No party in interest has sought dismissal of the Chapter 11 cases on the ground that they were filed in bad faith or otherwise do not warrant serious consideration. On the present record, at least serious questions exist concerning confirmation of the proposed plan.

4. If Orange proceeds with the garnishment process in Florida and the identified funds cease to be available, the Debtors' ability to confirm a plan would be limited, if not eliminated. The balance of hardships therefore tips sharply in favor of Plaintiffs.

5. Plaintiffs have established a likelihood of irreparable injury absent preliminary relief. Although the immediate subject of the dispute is monetary, in the Chapter 11 context, the absence of funds necessary to satisfy confirmation requirements may end an otherwise successful reorganization effort. The Court specifically considered the requirements of 11 U.S.C. § 1129(a)(9) concerning payment of allowed administrative claims, including previously approved Chapter 11 professional fees; the feasibility requirement of 11 U.S.C. § 1129(a)(11); issues raised under the best-interests test of 11 U.S.C. § 1129(a)(7);

and the legal and administrative costs that will be incurred in addressing confirmation issues. The absence of interim injunctive relief pending plan confirmation is likely to cause irreparable harm to the Debtors' efforts to confirm a plan.

6. The public interest favors preliminary injunctive relief to preserve consideration of the proposed plan. The policies favoring a meaningful opportunity to reorganize under Chapter 11, including preservation of employment, facilitating payments to creditors, and preserving investments, are present in this case to a sufficient degree, although not overwhelmingly.

7. The relief granted is preliminary and limited. The Court does not by this Order vacate, release, discharge, or adjudicate Orange's underlying Florida guaranty judgment. If a plan of reorganization is not confirmed, Orange will be able to continue pursuit of relief against Wanger and Kaplan, subject to applicable law and any further order of this Court.

8. The injunction is limited to the Merrill Lynch accounts, assets, and funds and the Bank of America account, assets, and funds that are the subject of Orange's pending Florida garnishment proceedings concerning Leonard R. Wanger and/or the LRW Revocable Trust. The Court does not extend this injunction to other assets of Wanger, Philip Kaplan, the LRW Revocable Trust, or any other non-Debtor.

9. No bond or security is required as a condition to entry or effectiveness of this Order under Federal Rule of Bankruptcy Procedure 7065.

Accordingly, for good cause appearing therefore:

**IT IS ORDERED THAT** Plaintiffs' request for a preliminary injunction in the Injunction Motion [Adv. ECF No. 3] is GRANTED as set forth herein;

**IT IS FURTHER ORDERED THAT** Defendant 434 N. Orange Investment, LLC ("Orange"), together with its officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Orange or any of the foregoing, are preliminarily restrained and enjoined from proceeding with, prosecuting, obtaining, presenting, enforcing, executing upon, collecting, receiving, turning over, liquidating, levying, garnishing, attaching, further restraining, or causing entry or effectiveness of any final garnishment judgment, turnover order, liquidation order, transfer order, disbursement order, writ, levy, or other collection remedy in the Florida Litigation, but only with respect to (i) the Merrill Lynch accounts, assets, or funds that are the subject of Orange's pending garnishment proceedings and are

associated with Leonard Wanger and/or the LRW Revocable Trust, including the Merrill Lynch funds identified in the record in the approximate amount of $386,454.20, and (ii) the Bank of America account, assets, or funds that are the subject of Orange's pending garnishment proceedings and are associated with Leonard Wanger, including the Bank of America funds identified in the record in the approximate amount of $3,988.22;

**IT IS FURTHER ORDERED THAT** nothing in this Order vacates, modifies, releases, discharges, or adjudicates Orange's Florida guaranty judgment, any Florida contempt order, or any claim Orange may hold against Wanger, Kaplan, the LRW Revocable Trust, or any other non-Debtor, except to the limited enforcement extent expressly stated in this Order;

**IT IS FURTHER ORDERED THAT** Orange may advise the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, and any other applicable Florida court, of the existence and terms of this Order and may seek scheduling, status, or other relief consistent with this Preliminary Injunction;

**IT IS FURTHER ORDERED THAT** this Preliminary Injunction shall remain in effect pending the Court's determination of confirmation of the Debtors' proposed Chapter 11 plan, unless earlier modified or dissolved by further order of this Court. If confirmation is denied, this Preliminary Injunction shall terminate upon entry of the order denying confirmation unless the Court orders otherwise;

**IT IS FURTHER ORDERED THAT** no bond or security is required under Federal Rule of Bankruptcy Procedure 7065;

**IT IS FURTHER ORDERED THAT** nothing in this Order limits Orange's right to seek a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 or to request an order shortening time for hearing on any such motion;

**IT IS SO ORDERED.**

Respectfully submitted on September 30, 2026.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.
Nevada Bar No. 12796
NEVADA BANKRUPTCY ATTORNEYS, LLC
*Attorneys for Plaintiffs*

**LOCAL RULE 9021 CERTIFICATION**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under Local Rule 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Maurice Verstandig, Esq. (Counsel for Defendant 434 N. Orange Investment, LLC ): Agreed as to form; objected as to content.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to Local Rule 9014(g), and that no party has objected to the form or content of the order.

*/s/ Matthew I. Knepper, Esq.*
Matthew I. Knepper, Esq.