Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N. Orange Investment, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VELOCITY ESPORTS, INC.,<br><br>□ Affects Velocity Esports, Inc.<br>□ Affects Velocity Esports Las Vegas Town Square, LLC<br>□ Affects Velocity Esports Chicago Schaumburg, LLC<br>□ Affects Velocity Esports Newport Kentucky, LLC<br>□ Affects Velocity Esports Orlando Downtown, LLC<br>■ Affects All Debtors | Case No. 25-12627-mkn<br><br>Jointly Administered with<br>Case No. 25-12628-mkn<br>Case No. 25-12629-mkn<br>Case No. 25-12630-mkn<br>Case No. 25-12631-mkn<br><br>Chapter 11 |
| VELOCITY ESPORTS, INC., a Nevada corporation, VELOCITY ESPORTS LAS VEGAS TOWN SQUARE, LLC, a Nevada limited liability company, VELOCITY ESPORTS CHICAGO SCHAUMBURG, LLC, an Illinois limited liability company, VELOCITY ESPORTS NEWPORT KENTUCKY, LLC, a Kentucky limited liability company, and VELOCITY ESPORTS ORLANDO DOWNTOWN, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>434 N. ORANGE INVESTMENT, LLC, a Delaware limited liability company; | Adv. No. 26-01075-mkn<br><br>Hearing Date: October 28, 2026<br>Hearing Time: 10:30 am |

Defendant,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, solely as nominal garnishee and stakeholder defendant for purposes of notice and implementation of injunctive relief,

Nominal Defendant.

**BRIEF ON MOOTNESS**

Comes now the 434 N. Orange Investment, LLC ("434 N. Orange" or the "Defendant"), by and through undersigned counsel, and observes as follows on the question of whether or not a stay pending appeal would be mooted by a prior disbursement of monies:

**I. Introduction**

The pending motion for a stay pending appeal is not mooted by the at-issue funds having already been disbursed since this Honorable Court has the power to craft a stay that enjoins the recipient of the funds from further spending—or moving—the subject monies. Such is consistent with the notions of equity that underlie stays pending appeal, the equitable powers of this Honorable Court, and precedent that is instructive of a court's right to fashion bespoke injunctions coterminous with the duration of appellate review.

**II. Argument: The Motion for a Stay Pending Appeal is Not Moot**

The same powers that permitted this Honorable Court to entertain a section 105 injunction in the first instance do, too, permit this Honorable Court to limit the ramifications thereof pending appellate review. While there is likely not a mechanism to immediately claw back monies already

paid to bona fide third parties who are strangers to this case,[1] there is, undoubtedly, an ability to staunch the loss of monies to case parties alongside other persons and entities who are participants herein (*i.e.*, counsel for the debtors and his law firm). This Honorable court can—and should—issue an injunction, pending the exhaustion of appellate remedies (to and through the sending down of a mandate), prohibiting counsel for the debtors and his law firm from spending, dissipating, or otherwise transferring the monies at issue in this case, to the extent not already spent, dissipated or transferred. Such injunction should also provide for an accounting as to the sum of such monies, at the outset, so there exists clarity as to the scope of funds subject to the injunction.

As a starting point, the appeal of the two underlying orders is not itself moot, even if monies have been paid over to counsel, since those monies may be subsequently recovered on remand. *See, e.g., Dunlap v. Nat'l Bank (In re Dunlap)*, 1997 U.S. App. LEXIS 1392, at *3 (9th Cir. Jan. 27, 1997) (a "case is not moot where court can fashion relief that is both effective and equitable") (citing *Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir. 1994)). And *Spirtos*, in turn, is instructive of this reality, with facts that are markedly similar to those manifest *sub judice*:

> There the bankruptcy court approved interim fees for Donald M. Logan, counsel for certain creditors, over the objection of the bankruptcy trustee. The trustee for a creditor, Robin International, Inc., appealed, but failed to obtain a stay. The fees were paid. Logan contended that we could not implement effective relief and that it would be inequitable for us to consider the merits. We were not persuaded. We said:
>
> > Neither of these grounds for our holding in *Roberts Farms* compels a finding of mootness in this case. Because Logan is a party to this appeal, this court could fashion effective relief by remanding with instructions to the bankruptcy court to order the return of

[1] Such is not to say these monies could not be ordered returned on a remand, where counsel for the debtor would likely bear liability for any such disbursed funds. *See, infra, Spirtos v. Moreno (In re Spirtos)*, 992 F.2d 1004, 1007 (9th Cir. 1994).

> erroneously disbursed funds. Nor would it be inequitable to hear the merits of Robin's appeal. Logan has known since 1981 that Robin contests the bankruptcy court's order that he be paid from the certificate of deposit. We therefore conclude that this case is not moot and we have jurisdiction to hear Robin's appeal.

*Spirtos*, 992 F.2d at 1006-07 (quoting *In re International Environmental Dynamics, Inc.,* 718 F.2d 322 (9th Cir. 1983) (citing *Burbank Anti-Noise Group v. Goldschmidt,* 623 F.2d 115, 116 (9th Cir. 1980)); citing *In re Roberts Farms, Inc.*, 652 F.2d 793 (9th Cir. 1981)).

Plainly—much like counsel the trustee discussed in *Spirtos*—counsel for the debtors is an active participant in this case and this appeal. Moreover, his fees have been subject to interim approval, *see* 11 U.S.C. § 331, and remain subject to final approval (and even potential disgorgement) at a later date, *see* 11 U.S.C. § 330. So the funds that have been transferred, even if they have left counsel's trust account, can be recovered post-remand just as discussed by the Ninth Circuit in *Spirtos*. *See also Burbank Anti-Noise Grp. v. Goldschmidt,* 623 F.2d 115, 116 (9th Cir. 1980) (discussing how even the post-appeal transfer of an airport can be undone on remand).

The more immediate question, though, is whether relief may be immediately afforded pending disposition of the aforesaid appeal. This Honorable Court has the ability to enjoin counsel for the debtors (both the individual and his law firm) from spending, dissipating, or transferring monies—to the extent not already spent, dissipated, or transferred—pending outcome of this appeal. Such is not only a byproduct of the equitable functions of section 105 that, somewhat ironically, underpin this case in the first instance; such is, too, a byproduct of the equitable freedoms that *always* surround a request for relief pending appeal.

Plainly, equity governs situations where relief is sought pending appellate review. *See In re Geden Holdings, Ltd.*, 2026 Bankr. LEXIS 72, at *3 (Bankr. S.D. Tex. Jan. 13, 2026) ("A stay pending appeal is an equitable remedy committed to the Court's discretion.") (citing *Thomas v.*

*Bryant*, 919 F.3d 298, 303 (5th Cir. 2019)); *Fla. Decides Healthcare, Inc. v. Fla. Sec'y of State*, 2025 U.S. App. LEXIS 23431, at *32 (11th Cir. Sep. 9, 2025) ("A stay is an equitable remedy. . .") (citing *Woods v. Warden, Holman Corr. Facility*, 951 F.3d 1296, 1298-99 (11th Cir. 2020)).

Such equity can extend—and, historically, has extended—to the entry of not merely a stay but, more specifically, a bespoke injunction. *See Child Advocate for R.I. v. United States (In re Motion to Quash Admin. Subpoena to R.I. Hosp.)*, 177 F.4th 21, 23-24 (1st Cir. 2026) (discussing the factors for entry of an injunction pending appeal) (citing *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010)); *Sovereign Iñupiat for A Living Arctic v. BLM*, 2023 U.S. Dist. LEXIS 214640, at *9 (D. Alaska Dec. 1, 2023) (". . . injunctive relief pending appeal is an equitable remedy. . ."); *Al-Oshan v. Bush*, 2005 U.S. Dist. LEXIS 6635, at *3-4 (D.D.C. Mar. 31, 2005) ("Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Clinton v. Jones*, 520 U.S. 681, 707 (1997)).

The considerations underlying an injunction pending appeal appear to be identical to those underlying a traditional stay pending appeal. *Compare In re Motion to Quash Admin. Subpoena to R.I. Hosp.*, 177 F.4th at 23-24, *with Nken v. Holder*, 556 U.S. 418, 434 (2009). And the basis for case-tailored injunctive relief (likelihood of success, balancing of equities, public interest) is thusly the same as that already briefed and pending in this matter.

434 N. Orange will not use this brief to restate or even echo what is already set forth in the motion seeking a stay pending appeal. Suffice it to posit, however, this is a case where entry of a stay would appear to work the paramount interests of justice. And this is, too, a case where there appears to be manifest upside—and no discernable downside—to instructing counsel for the debtors (as well as the consumer privacy ombudsman, to the extent he has also received monies) that at-issue monies must remain in whatever account, form, and sum as they are as of present.

## III. Conclusion

WHEREFORE, 434 N. Orange respectfully prays this Honorable Court (i) fashion an appropriate injunction pending appeal; and (ii) afford such other and further relief as may be just and proper.

Dated: October 25, 2026

Respectfully submitted

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
(301) 444-4600
mac@mbvesq.com
*Counsel for 434 N. Orange Investment, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2026, the foregoing brief was filed using the CM/ECF system, which served a NEF on all parties receiving such service in this case.

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig